IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lifeway Foods, Inc., | |
| Plaintiff, | |
| v. | Case No. 24 C 2601 |
| Edward Smolyansky, *et al.*, | Judge Jorge L. Alonso |
| Defendants. | |

## Memorandum Opinion and Order

Plaintiff Lifeway Foods, Inc. ("Lifeway") has sued Defendants Edward Smolyansky and Ludmila Smolyansky for alleged trade-secret and Lanham Act violations related to Defendants' new business, Pure Culture Organics. Lifeway now moves for a temporary restraining order and preliminary injunction prohibiting Defendants from using Lifeway's trade secrets and from falsely affiliating with Lifeway. For the reasons below, the Court grants in part and denies in part Lifeway's motion regarding a TRO and will resolve Lifeway's request for a preliminary injunction following the hearing currently set for May 29, 2024.

## Background[1]

Lifeway was founded in 1986 by Michael and Ludmila Smolyansky and sells various kinds of kefir, a fermented milk drink. After Michael's death in 2002, their children, Julie Smolyansky and Edward Smolyansky, took over Lifeway's management and were privy to Lifeway's process for creating its kefir products, including its suppliers and its mixing ratios for milk, bacteria and yeast cultures, and other ingredients. Julie became and has remained

---

[1] The Court takes the following background from the parties' submissions to date.

Lifeway's CEO, Edward served as its CFO and later COO, and Ludmila was on Lifeway's board of directors.

Over time, the Smolyanskys' relationship soured, and Defendants Edward and Ludmila ultimately left Lifeway and entered into a series of litigations and settlement agreements with Lifeway, and remain Lifeway shareholders. More recently, Defendants founded Pure Culture Organics, a competing kefir company.

Pure Culture Organics has not yet released any products but has begun marketing operations ahead of anticipated distribution later this year. To that end, Pure Culture Organics exhibited its products at a booth at Natural Products Expo West 2024 ("Expo West"), an industry trade show, on March 12–16, 2024. Though Pure Culture Organics' booth materials did not indicate that the company was affiliated with Lifeway, and Defendants claim they have not intended to affiliate Pure Culture Organics with Lifeway, an individual pouring product samples for Pure Culture Organics at its booth stated that the company was "under the same umbrella" as Lifeway based on what he "was told," as shown in a video submitted by Lifeway (Defendants deny instructing anyone to make this statement or seeking to affiliate with Lifeway).

Lifeway sued Defendants in this Court, alleging (1) trade-secret misappropriation under the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*; and (2) false affiliation under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). At the same time it filed its complaint, Lifeway also filed its pending motion for temporary restraining order and preliminary injunction, to which Defendants have responded. (ECF Nos. 4, 15.) The Court heard argument on April 4, 2024, and the parties currently are undertaking related discovery ahead of the preliminary injunction hearing set for May 29, 2024. (*See* ECF No. 16.)

**Legal Standard**

A motion for a temporary restraining order requires the same showing as one for a preliminary injunction: "the plaintiff has the burden to show (1) a likelihood of success on the merits; (3) irreparable harm; and (3) that the balance of equities and the public interest favors emergency relief." *Troogstad v. City of Chicago*, 571 F. Supp. 3d 901, 907 (N.D. Ill. 2021) (citations omitted). The Court adopts a sliding-scale approach in weighing these factors—"the more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor; the less likely he is to win, the more need it weigh in his favor." *Id.* (internal quotation marks and citation omitted).

**Discussion**

Lifeway requests a TRO related to both its trade-secret claim and its Lanham Act claim. The Court addresses Lifeway's request as to each claim below.

1. **Lifeway's Trade-Secret Claim**

Lifeway alleges Defendants have misappropriated its trade secrets under the Defend Trade Secrets Act. To show a violation, Lifeway "must prove that (1) a trade secret existed; (2) it was misappropriated through improper acquisition, disclosure, or use; and (3) the misappropriation damaged the trade secret's owner." *Got Docs, LLC v. Kingsbridge Holdings, LLC*, 657 F. Supp. 3d 1034, 1043 (N.D. Ill. 2023) (internal quotation marks and citation omitted). As explained below, Lifeway has not shown irreparable harm related to its trade-secret claim at this stage and so the Court does not grant Lifeway a TRO related to that claim.

To get a TRO or preliminary injunction, a plaintiff must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (emphasis in original). "Harm is irreparable if legal remedies available to the

3

movant are inadequate, meaning they are seriously deficient as compared to the harm suffered." *DM Trans, LLC v. Scott*, 38 F.4th 608, 618 (7th Cir. 2022). Lifeway erroneously claims that trade-secret claims are entitled to a presumption of irreparable harm—as Defendants note, "that used to be true," but no longer. *Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 545 (7th Cir. 2021). Lifeway thus must satisfy this element on its own.

Lifeway generally asserts that the disclosure of trade secrets and the endangerment of client relationships can constitute irreparable harms, as can reputational harms, loss of market share, and other injuries. But Lifeway does little to tie any specific irreparable harms to the absence of a TRO in this case, particularly when Pure Culture Organics has not yet released any products. *See Duthie v. Matria Healthcare, Inc.*, 543 F. Supp. 2d 958, 960 (N.D. Ill. 2008) ("Alleged harm that is remote or speculative will not be considered irreparable; rather, the movant must demonstrate that the threatened harm is imminent." (internal quotation marks and citations omitted)); *Ripple v. Zurich Am. Ins. Co.*, No. 17-CV-469-JPS, 2017 WL 4075186, at *5 (E.D. Wis. Sept. 13, 2017) (finding no showing of irreparable harm where the competing business "has not yet secured a single customer" and "has not yet taken any business from [the requesting party], let alone enough business to seriously diminish [the party's] place in the market"). Instead, Lifeway merely speculates that it will lose sales and customers and its reputation will be harmed, without supporting evidence, specificity, or explanation of those harms or why they could not be calculated and compensated via a damages award. *See Life Spine*, 8 F.4th at 546 ("[H]arm stemming from lost customers or contracts may be quantifiable[.]"); *Abrasic 90 Inc. v. Weldcote Metals, Inc.*, 364 F. Supp. 3d 888, 904 (N.D. Ill. 2019) ("If CGW ultimately sustains damages as a result of the defendants' alleged wrongful conduct, it may be challenging to quantify such damages, but CGW has not shown that such

damages would be unreasonably difficult to quantify if they do materialize."); *see also Tuf-Tite, Inc. v. Fed. Package Networks, Inc.*, No. 14-cv-2060, 2014 WL 6613116, at *8 (N.D. Ill. Nov. 21, 2014) (finding irreparable harm based on "price erosion, loss of market share, lost sales, and loss of goodwill" where the requesting party provided supporting evidence).

Because Lifeway has not shown at this stage it is likely to suffer irreparable harm without its requested TRO, the Court need not evaluate the other TRO requirements. *See DM Trans*, 38 F.4th at 618 ("[I]rreparable harm is a threshold requirement for granting injunctive relief . . . . If the district court did not err in that respect, it was within its discretion to deny the requested injunction."). The Court denies Lifeway's request for a TRO as to its trade-secret claim.

2. **Lifeway's Lanham Act Claim**

The Lanham Act provides a cause of action when a person "uses in commerce any . . . false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person." 15 U.S.C. § 1125(a)(1)(A). To succeed on the merits of its false-affiliation claim under the Lanham Act, Lifeway must show Defendants "(1) made a false or misleading statement, (2) that actually deceives or is likely to deceive a substantial segment of the advertisement's audience, (3) on a subject material to the decision to purchase the goods, (4) touting goods entering interstate commerce, (5) and that results in actual or probable injury to the plaintiff." *B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 168 F.3d 967, 971 (7th Cir. 1999).

Lifeway argues that it is likely to succeed on the merits given the video evidence of a worker at Pure Culture Organics' Expo West booth falsely stating that Pure Culture Organics is "under the same umbrella" as Lifeway. Lifeway argues that Pure Culture Organics' possible

affiliation with Lifeway is material to potential customers, is related to kefir products in interstate commerce, and injured Lifeway. In brief response, Defendants dismiss the Expo West incident as "an unfortunate misunderstanding" and "nothing more" than "a mistaken statement by a third-party vendor," and summarily argue that Lifeway cannot show that they made a deceptive statement or that any actual or probable injury arising from the conduct and has not identified any ongoing marketing to be enjoined.

By not addressing the TRO elements of irreparable harm, balance of equities, and public interest, Defendants have conceded them for now and the Court need only address Lifeway's likelihood of success on the merits. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). At this stage, the Court finds Lifeway has adequately shown a likelihood of success to warrant a TRO when also considering the other conceded factors. There appears to be no dispute that the statement made at Expo West that Pure Culture Organics is "under the same umbrella" as Lifeway was false. Defendants suggest, without further explanation, that they believe the worker who made this statement was a third party and was not an agent of Pure Culture Organics even though he was working at its booth. Though the parties have not resolved the worker's relationship with Pure Culture Organics, there are some indications that his statements were the company's—he was manning its booth and promoting its brand to potential customers, he referred to himself and Pure Culture Organics as "we," and he claimed to be relaying what he "was told" (presumably by Defendants or others at Pure Culture Organics) about the company's affiliation with Lifeway. It also is not difficult to fathom that the statement of affiliation at Expo West could deceive customers into thinking that Pure Culture Organics was affiliated with Lifeway, Defendants' prior company, and siphon customers from Lifeway to Pure Culture Organics as a result. Of course, future discovery

6

may show whether this has come to pass, particularly if no other alleged false statement of affiliation has occurred. Accordingly, and given Defendants' concession as to the other TRO elements, the Court concludes that a TRO related to Lifeway's Lanham Act claim is appropriate. *See Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020) (a "strong showing" of likelihood of success on the merits normally "includes a demonstration of how the applicant proposes to prove the key elements" and "plays only one part in the analysis").

The Court is mindful that Defendants were previously affiliated with Lifeway and may still have some affiliation as shareholders or in other respects. The Court therefore issues a TRO directed at alleged misstatements of the type at issue in this case and enjoins Defendants from representing that Pure Culture Organics is "under the same umbrella" or otherwise formally affiliated with Lifeway.

3. **Bond Requirement**

Defendants ask that if the Court grants Lifeway's requested TRO, the Court also require Lifeway to give a $10 million security given the disruption to Pure Culture from the TRO. "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 54(c).

The Court declines to impose a security at this time. Defendants have only suggested that Pure Culture's business may be disrupted from a TRO related to Lifeway's trade-secret claim, which, as explained above, the Court does not impose. They have not suggested any disruption based on a TRO related to Lifeway's Lanham Act claim, which the Court does grant. Rather, Defendants characterize the allegedly false statement of affiliation made by Pure Culture's sales

representative as a mistaken statement and indicate that similar statements will not be made in the future regardless of whether the Court forbids it. Accordingly, it appears Defendants will sustain no meaningful costs or damages from the Court's TRO, and the Court does not require Lifeway to provide a security at this time.

## Conclusion

The Court grants in part and denies in part Plaintiff's motion for temporary restraining order (ECF No. 4) and continues the motion as to Plaintiff's request for a preliminary injunction. Until the Court has resolved Plaintiff's request for a preliminary injunction, the Court temporarily restrains Defendants from representing that Pure Culture Organics is "under the same umbrella" or otherwise formally affiliated with Lifeway Foods, Inc.

**SO ORDERED.**                                                          **ENTERED: April 12, 2024**

_____
**HON. JORGE ALONSO**
**United States District Judge**